UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:21-CV-11396-RWZ

JESSICA GRANT

v.

KILOLO KIJAKAZI, Acting Commissioner, Social Security Administration

MEMORANDUM & ORDER

March 30, 2023

ZOBEL, S.D.J.

Plaintiff Jessica Grant ("Plaintiff") appealed from the final decision by the Commissioner of the Social Security Administration ("Commissioner") that upheld an Administrative Law Judge's ("ALJ") denial of her application for supplemental security income ("SSI"). Plaintiff asserted that the ALJ erred by (1) finding Plaintiff's testimony inconsistent with the medical evidence; (2) failing to consider Plaintiff's use of a cane in determining her residual functional capacity ("RFC"); and (3) accepting the vocational expert's ("VE") testimony despite "obvious conflicts." Docket # 18. Plaintiff also argued that the Appeals Council erred in declining to consider certain post-hearing medical records. Id. The government moved for an order affirming the Commissioner's decision. Docket # 21. For the reasons stated below, the case is remanded for further development of the record regarding the availability of jobs for Plaintiff in the national economy, and consideration of the medical evidence which post-dated the September 3, 2020 hearing.

1

I.   **Background**

Plaintiff asserted disability beginning October 1, 2012. R. 283.[1] Her claim for SSI was first denied on October 4, 2019, and again upon reconsideration on January 28, 2020. R. 211, 221. ALJ Alexander Klibaner then held an evidentiary hearing on September 3, 2020, R. 134–68, and on December 7, 2020, ruled that Plaintiff was not disabled. R. 82–104. The Appeals Council denied her request for review of that decision, which then became the final decision of the Commissioner. R. 1. Plaintiff timely appealed to this court.

II.   **Standard of Review**

The Social Security Administration uses a five-step process for determining whether an individual is disabled. See 20 C.F.R. 416.920(a). At step four, the ALJ determines the individual's RFC, which is her ability to do physical and mental work on a sustained basis despite limitations from her impairments. If she is unable to perform her past relevant work considering her RFC, then the ALJ moves to step five to determine whether work exists in significant amounts for her in the national economy. Plaintiff has the burden of proof at steps one through four, whereas the agency has the burden of proof at step five.

The Commissioner's findings of fact are conclusive if based on the correct legal standard and supported by substantial evidence. 42 U.S.C. § 405(g); Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001). Substantial evidence means "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197,

---

[1] "R." refers to the administrative record, filed in this matter at Docket # 15.

229 (1938)). So long as the Commissioner's determinations are "supported by substantial evidence," they must be affirmed, "even if the record arguably could justify a different conclusion." Rodriguez Pagan v. Sec'y of Health & Human Servs., 819 F.2d 1, 3 (1st Cir. 1987) (per curiam). Further, resolving credibility issues "'and the drawing of permissible inference from evidentiary facts are the prime responsibility of the [Commissioner].'" Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981) (quoting Rodriguez v. Celebrezze, 349 F.2d 494, 496 (1st Cir. 1965)). Questions of law are reviewed *de novo*. Seavey, 276 F.3d at 9.

### III. Discussion

#### A. Step Four

At step four, the ALJ must consider all of Plaintiff's impairments, even if not severe. 20 C.F.R. 416.920(e). Resolving inconsistencies within the medical evidence and/or the testimony is the ALJ's province. See Rodriguez Pagan, 819 F.2d at 4; Ferreira v. Astrue, No. 10-11983-NMG, 2012 WL 1085522, at *7 (D. Mass. Mar. 29, 2012). As part of the RFC assessment, he is expected to consider evidence from multiple sources, some of which may be conflicting. If the ALJ's RFC determination is supported by substantial evidence, the reviewing court may not disturb it, even if the court would reach a different conclusion. Rodriguez Pagan, 819 F.2d at 3. Substantial written medical evidence and live testimony support the RFC in this case.

The ALJ considered Plaintiff's self-reported symptoms and her medical records, as well as expert opinions. R. 85–102. Plaintiff alleges, however, that the ALJ improperly judged her "character for truthfulness" and failed to consider her use of a cane when determining her RFC. In his decision, the ALJ recounted that when Plaintiff stopped working in 2018, "[s]he was having a hard time with her feet and legs hurting and she

3

could not concentrate on her work . . . [her treating physicians] still do not know what is wrong with her legs." R. 99. He also noted that Plaintiff's self-reported mental and physical impairments were inconsistent with or unsupported by the corresponding medical records.[2] R. 100–02. He determined that her impairments "could reasonably be expected to cause the alleged symptoms" but that "the intensity, persistence and limiting effects" were not "entirely consistent with the medical evidence and other evidence in the record." R. 100. As a result, the ALJ concluded that she had the RFC "to perform light work" and "carry out simple, routine tasks." R. 92. This is supported by, among other things, the opinions of Dr. Byrnes, Dr. Podczerwinsky, Dr. Menken and Dr. Phillips; and medical evidence demonstrating "normal station," gait, and muscle strength, ambulation without a walking aid, normal MRIs, normal "[e]ye contact, body movement, speech perceptions, thought content, thought process, orientation, memory, insight, and judgment," and a documented history of alcohol abuse. R. 93–102.

**B.     Step Five**

Next, Plaintiff claims that the government failed to meet its burden at step five of the framework because it did not prove that work is available in "significant numbers" in the national economy that Plaintiff can perform with her RFC, as determined by the ALJ. Specifically, she takes issue with the ALJ's reliance on the VE's testimony despite inconsistencies, including how many types of jobs were available, the number of open positions, and whether that work qualifies as full-time. Docket # 18 at 13–15. The Commissioner responds that despite errors in the testimony and the ALJ's recitation, there are still sufficient jobs available to Plaintiff. But the Commissioner misses the mark

---

[2] For example, Plaintiff reported being on bedrest while pregnant, but also doing yardwork and repairs around her house. R. 100.

4

here. The ALJ relied on the VE's testimony to find Plaintiff not disabled, and both parties agree that testimony was erroneous. The ALJ failed to question the VE about the inconsistencies in his testimony, and most important, did not elicit substantial evidence to support his finding that sufficient jobs existed, especially considering the VE's statement that "surveillance system monitor" and "call out operator" were the *only* positions available to Plaintiff. R. 104; cf. Zirnsak v. Colvin, 777 F.3d 607, 617–19 (3d Cir. 2014). It is not clear from the record whether sufficient jobs existed that take into account Plaintiff's RFC; wherefore remand is appropriate. E.g., Sacilowski v. Saul, 959 F.3d 431, 434–37 (1st Cir. 2020); see also Kurzon v. U.S. Postal Serv., 539 F.2d 788, 796 (1st Cir. 1976) (holding that remand is appropriate where there is "substantial doubt").

C.   **Post-Hearing Medical Records**

Finally, Plaintiff asserts the Appeals Council erred by failing to consider a November 17, 2020 letter from her physician that covered the relevant period, but post-dated the September 3, 2020 hearing. The Commissioner argues that this was not egregious error because Plaintiff has failed to demonstrate some "unusual, unexpected, or unavoidable circumstance beyond [her] control." Docket # 22 at 15. But the letter did not exist 75 days prior to the hearing—the deadline for submitting evidence—nor did it exist on the day of the hearing. In this circumstance, the Appeals Council should have considered the letter and it shall be considered on remand. See Sacilowski, 959 F.3d at 436 (referencing the magistrate judge's recommendation for further evaluation based on updated medical evidence).

## IV. Conclusion

Plaintiff's Motion for Order Remanding the Commissioner's Decision (Docket # 17) is ALLOWED as provided above, and Defendant's Motion for Order Affirming the Commissioner's Decision (Docket # 21) is DENIED.

March 30, 2023
DATE

RYA W. ZOBEL
SENIOR UNITED STATES DISTRICT JUDGE